J-A17038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN CARLOS GARCIA | |
| Appellant | No. 3050 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 21, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000448-2014;
CP-46-CR-0008438-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 03, 2016**

Appellant, Juan Carlos Garcia, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his open guilty plea to three counts each of first-degree robbery and conspiracy to commit robbery.[1]  We affirm.

The sentencing court stated the relevant facts of this case as follows:

> The charges stemmed from [Appellant]'s participation in armed robberies at three separate restaurants while they were occupied by employees and/or patrons.

> More specifically, [Appellant] admitted for purposes of the case indexed at [CP-46-CR-0000448-2014 ("No. 448-2014")], that, on November 4, 2013, he entered the

_____

[1] 18 Pa.C.S.A. §§ 3701(A)(1)(ii) and 903(A)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

Whitpain Tavern in Montgomery County and threatened eight individuals inside with serious bodily injury, placing them in fear for their lives while taking or attempting to take property from them. [Appellant] admitted that he possessed a BB gun during the robbery, while his co-conspirator, Tyrice Griffin, possessed a firearm. He also admitted that he conspired with Griffin to commit the robbery.

[Appellant] admitted in the case indexed at [CP-46-CR-0008438-2014] ("No. 8438-2014")] that he and Griffin conspired to and did commit robberies at the Belvedere Inn in Lancaster County and Arooga's Tavern in Cumberland County by placing the individuals inside in fear for their lives.[3] [Appellant] again possessed a BB gun and Griffin had a firearm during both of the robberies.

> [3] The Belvedere Inn and Arooga's Tavern robberies occurred on or about October 8 and October 12, 2013, respectively. [Appellant] admitted that three individuals were inside the Belvedere Tavern and 10 individuals were inside Arooga's Tavern.

(Sentencing Court Opinion, filed on December 1, 2015, at 1-2) (most footnotes and citations to record omitted). The BB gun Appellant wielded during the robberies was black and appeared to be a real gun. Appellant pointed the BB gun at victims of the robberies.

Procedurally, on January 12, 2015, Appellant entered an open guilty plea to one count each of first-degree robbery and conspiracy to commit robbery at No. 448-2014 and two counts each of first-degree robbery and conspiracy to commit robbery at No. 8438-2014. As a condition of the plea, Appellant agreed to testify truthfully against his co-defendant. In exchange for Appellant's plea, the Commonwealth agreed to have hundreds of remaining charges *nolle prossed*.

With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on August 21, 2015. At the conclusion of the hearing, the court sentenced Appellant to consecutive terms of ten (10) to twenty (20) years' imprisonment for first-degree robbery and ten (10) to twenty (20) years' imprisonment for first-degree conspiracy at No. 448-2014. At No. 8438-214, the court imposed terms of ten (10) to twenty (20) years' imprisonment each for one of the two first-degree robbery and conspiracy charges, respectively, to run concurrent with the sentence at No. 448-2014. The court also imposed consecutive terms of ten (10) years' probation each for the remaining first-degree robbery and conspiracy charges at No. 8438-2014. In total, the court sentenced Appellant to twenty (20) to forty (40) years' imprisonment plus (20) years' probation.

On August 26, 2015, Appellant timely filed a post-sentence motion, which asked the court to reconsider and modify the sentence because the sentence exceeded the sentencing guidelines and was unduly harsh and excessive under the circumstances. The court denied the motion on September 15, 2015. Appellant timely filed a notice of appeal on October 8, 2015. On October 13, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); and Appellant timely complied on October 28, 2015.

Appellant raises two issues for our review:

DID THE TRIAL COURT ERR [AND/OR] ABUSE ITS DISCRETION IN IMPOSING AN UNREASONABLE SENTENCE THAT FELL OUTSIDE THE SENTENCING GUIDELINES?

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN FAILING TO CONSIDER ALL OF THE SENTENCING FACTORS ENUMERATED IN 42 PA.C.S.[A.] § 9721(B)?

(Appellant's Brief at 4).

In his issues combined, Appellant contends his sentence is unreasonable in light of the sentencing guidelines. Specifically, Appellant submits the sentence of ten to twenty years the court imposed for each of two robbery charges is nearly double the aggravated sentencing guideline range; and the sentence of ten to twenty years for the two conspiracy charges is more than double the aggravated sentencing guideline range. Although these individual sentences are "arguably reasonable," Appellant maintains the aggregate sentence is unreasonable because the court imposed consecutive excessive incarceration terms.

Appellant also avers the sentencing court failed to consider mitigating factors under 42 Pa.C.S.A. § 9721(b), such as the circumstances of Appellant's childhood, his age at the time of the offenses, and his rehabilitative needs. Appellant asserts the court focused almost exclusively on the gravity of the offenses. Appellant concludes the court abused its discretion by imposing a manifestly excessive and unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim

that sentence is manifestly excessive challenges discretionary aspects of sentencing). *See also Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014) (stating argument that court disregarded factors, such as rehabilitation and nature and circumstances of offenses, implicates discretionary aspects of sentencing).[2]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Nevertheless, as a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). **See also Commonwealth v. Kane**, 10 A.3d 327, 335-36 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating claim that sentencing court failed to consider factors set forth in 42 Pa.C.S.A. 9721(b) does not raise substantial question). **But see Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial

question exists where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances). Where the sentencing court had the benefit of a PSI, however, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *Tirado, supra* at 366 n.6.

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Commonwealth v. Walls*, 592 Pa. 557, 568, 926 A.2d 957, 963 (2007). In making this "unreasonableness" inquiry, this Court must consider four factors:

**§ 9781. Appellate review of sentence**

* * *

**(d)  Review of record.**—In reviewing the record the appellate court shall have regard for:

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)   The findings upon which the sentence was based.

(4)   The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4). The **Walls** Court explained, "the concept of unreasonableness" is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Id.** at 568, 926 A.2d at 963.

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781…. We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721…. **Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.**

**Id.** at 568-69, 926 A.2d at 964 (emphasis added). Whether the offense is violent or nonviolent and the degree of financial loss that resulted from the offense both inform the reasonableness of the sentence. **Dodge, supra** at 1275 (recognizing imposition of effective life sentence for nonviolent offenses with limited financial impact was unreasonable).

Moreover, a generic challenge to the imposition of consecutive sentences does not raise a substantial question:

Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. ***Id.*** (holding challenge to court's imposition of sentence of six (6) to twenty-three (23) months['] imprisonment and sentence of one (1) year probation running consecutive, did not present substantial question).

***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa.Super. 2010).

Preliminarily, we observe Appellant did not raise in his post-sentence motion and Rule 1925(b) statement several of the arguments he now raises on appeal. Specifically, Appellant failed to raise, in his post-sentence motion and Rule 1925(b) statement, his claim that the aggregate sentence is excessive and harsh **because the court imposed consecutive sentences**. In his post-sentence motion, Appellant also did not claim the court failed to consider all the factors in 42 Pa.C.S.A. § 9721(b). Thus, Appellant waived these challenges to his sentence for purposes of our review; and we will not consider them. ***See Mann, supra***; ***Evans, supra***.

Moreover, the sentencing court reasoned as follows:

[T]he aggregate sentences are not excessive. This court considered [Appellant's] age, along with a number of other factors, and balanced his rehabilitative needs against the seriousness of his offenses and the protection of the public. Indeed, this court could have chosen to run all of

the sentences consecutively, but exercised its discretion otherwise. [Appellant], therefore, cannot demonstrate that his sentence is excessive under the circumstances.

Even had [Appellant] raised a substantial question regarding his sentence, he is not entitled to relief. This court amply set forth on the record the bases for the sentence imposed. In particular, this court stated:

…I was the [judge at the Griffin trial] and I will note for the record that [Appellant] did in fact cooperate and according to the District Attorney [Appellant] cooperated fully, and my understanding is [Appellant's] cooperation was very helpful in the prosecution of [his] co-defendant. So I will take that under consideration on sentencing here.

Being the [t]rial [j]udge, I had an opportunity of seeing [Appellant] in action, not only testifying, but also on the videotapes of these…robberies. And all I can say is [Appellant is] a real pro…at robbing people. [Appellant] might have had a tough upbringing. It's a consideration, but albeit a minor one because at this point in [Appellant's] life prior to these robberies [Appellant] ha[s] already been in the state prison system. [Appellant] ha[s] been arrested before for conspiracy, criminal trespass, where [he] did time. [Appellant] w[as] convicted of robbery back in 2012. That previous one was in 2012 as well. [Appellant] did time. Access device fraud.

And before I continue with [Appellant's] adult record, December 2010 as a juvenile [Appellant] w[as] adjudicated or it says pled guilty to robbery and criminal conspiracy, and possession of an offensive weapon. The first one was in 2010. The possession of offensive weapon was 2011.

[Appellant] violated the [D]rug [A]ct back in 2013. [Appellant] went to jail for that. And that brought us up to where we are today. So I could see where [Appellant] got [his] practice from, watching [Appellant] on the videotape was frightening.

- 11 -

I don't know how this brings closure to the victims in this case. Can you imagine you are in a restaurant and you are getting a drink and the next thing you know you are being herded up and told to get on your knees, and they are pointing a gun to the back of someone's head, these people. I saw their faces. I don't see how that brings closure. I can't imagine how [Appellant] ha[s] ruined and the extent [Appellant] ha[s] ruined these people's lives.

* * *

[W]hen I was reading over [Appellant's] file this week in preparation for today, I looked at the PSI. I considered the information there and the guidelines, the fact that what I saw [Appellant] do on videotape, looking at the victims in this case, and I had an idea of where this was going [to go]. I thought about sending [Appellant] something like 40 years in jail. That's what I was thinking about. Based upon [Appellant's] record, the violence and the damage that's occurred in this case, it didn't bother me at all thinking in those terms. …

What [Appellant] had to say didn't move me at all. What [Appellant] did have to say in the courtroom was important to me, though, and…I will give [Appellant] credit for…testif[ying] against someone who is even nastier than [Appellant is].

* * *

[I]n this case, both cases, for 8438 of 2014 and 448 of 2014, I have considered [Appellant's] age, the information that [Appellant] presented about [him]self today, and the information in [Appellant's PSI], as well as the evidence of the circumstances of the offense[s]. The facts as to [Appellant's] personal background and circumstances [are] not in dispute. After considering these factors, the [c]ourt finds there is an undue risk that during the period of probation or partial confinement [Appellant] will commit another crime. A lesser sentence would depreciate the seriousness of [Appellant's] crime and

- 12 -

> I therefore find that a sentence of total confinement is proper.
>
> I think this falls…beyond the aggravated range that we found in the guidelines….
>
> \*     \*     \*
>
> So [Appellant is] looking at 20 to 40 years. I have to balance what's best for society and [Appellant's] rehabilitative needs, and what [Appellant] has demonstrated from [his] sordid prior history, the violence involved in this case, the use of a gun, whether or not it was a BB gun, the victims didn't know that. They had no idea what was sticking in the back of their head except a gun.

(N.T. [Sentencing Hearing], 8/21/15, pp. 9-13, 15-16).

(Sentencing Court Opinion, filed on December 1, 2015, at 4-7) (some brackets in original). The record supports the sentencing court's reasoning.[3]

Thus, even if Appellant had properly preserved all of his claims, and the claims had raised substantial questions, we would rely on the court's analysis and deny relief. Based upon the foregoing, we conclude Appellant's sentences should remain undisturbed. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[3] We note Appellant's sentence does not violate 18 Pa.C.S.A. § 906, where each conspiracy count culminated in a discrete robbery. **_See Commonwealth v. Jacobs_**, 614 Pa. 664, 666, 39 A.3d 977 (2012). Additionally, our Supreme Court's recent decision in **_Commonwealth v. Kingston_**, ___ Pa. ___, ___ A.3d ___, (August 15, 2016) does not affect Appellant's sentence because his sentence pertains to multiple counts of the same inchoate crime, *i.e.*, conspiracy to commit robbery.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/3/2016</u>